UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

BRANDON TATE, SR., )
)
    Plaintiff, ) No. 15cv2022 EJM
vs. )
) ORDER
JAMES KATCHER, et. al., )
)
    Defendants. )
)
)
)

This matter is before the court on defendant James Katcher's unresisted motion for summary judgment, filed June 15, 2015. Granted.

Plaintiff alleges that Assistant Black Hawk County Attorney James Katcher violated 42 U.S.C. § 1983 by prosecuting him on a robbery charge and relying on allegedly false statements by the victim. Defendant Katcher moves for summary judgment, under absolute prosecutorial immunity, and for failure to claim the required substantive due process violation.

Movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." PSK, LLC v. Hicklin, 757 F.Supp.2d 836 (N.D.Iowa 2010), citing Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005.) Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). A court considering a motion for summary judgment must view all the facts in the light most favorable to the

non-moving party, and give the non-moving party the benefit of all reasonable inferences that can be drawn from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986.)

The actions complained of in the complaint are prosecutorial in nature, and thus deserve absolute prosecutorial immunity. Williams v. Hertje, 827 F.3d 1203, 1208 (8th Cir. 1987.)

Regarding the substantive due process claim, plaintiff's complaint does not allege any notice or hearing violation, or disparate treatment. As such, plaintiff is alleging a substantive due process violation. McGhee v. Pottawattamie Cty., 547 F.3d 922, 932-33 (8th Cir. 2008.) To claim such a violation, plaintiff must show that defendant denied plaintiff his constitutional rights in an egregious or conscience-shocking manner. The allegations here do not rise to such a level. County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998); Skokos v. Rhoades, 440 F.3d 957 (8th Cir. 2006.)

It is therefore

ORDERED

Granted.

July 20, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT